QUESTIONS: 1. Which governmental units in Florida must be represented by the Department of Legal Affairs? 2. Which governmental units in Florida may be represented by the Department of Legal Affairs? 3. Which governmental units in Florida may be represented by private counsel? 4. Which governmental units in Florida may not be represented by the Department of Legal Affairs? Before turning to your specific questions, please allow me to refer to s. 20.11(3), F.S., which provides: The department of legal affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law. However, the attorney general may authorize other counsel where emergency circumstances exist and shall authorize other counsel when professional conflict of interest is present. Each board, however designated, of which the attorney general is a member may retain legal services in lieu of those provided by the attorney general and the department of legal affairs. Unless specifically provided otherwise, therefore, the Department of Legal Affairs is responsible for providing all "legal services" required by any department. In my opinion, "representation" is an essential and primary aspect of "legal services." Thus, the "legal services" referred to in s. 20.11(3), F.S., include the type of representation, both in administrative hearings and in court, to which your question refers. In those instances when the Department of Legal Affairs is the legal representative of a particular department, the Department of Legal Affairs may authorize other counsel to serve where emergency circumstances exist, and shall authorize other counsel when professional conflict of interest is present. In addition, whenever the Attorney General sits as a member of a board, such as with all cabinet agencies, such board may retain private counsel. Section 20.11(3), F.S. AS TO QUESTION 1: Research reveals that the following boards, departments and agencies must be represented by the Department of Legal Affairs because of specific statutory provisions in addition to s.20.11(3), F.S.: Section 163.540 — Division of Training and Professional Development, Department of Community Affairs. Section238.03(3) — Division of Retirement, Department of Administration. Section 240.171 — Board of Regents — Legal Affairs represents the board and acts as counsel when the board condemns property. Section 334.18 — Department of Transportation — Legal Affairs represents in litigation. Section 403.231 — Department of Pollution Control — Legal Affairs represents and is legal advisor. Section 449.141 — Department of State — Legal Affairs is attorney for Department of State concerning employment agencies. Section 484.08 — State Board of Dispensing Opticians. Section 489.10 — Watchmakers' Commission. Section 492.19 — State Board of Foresters Registration. Section 493.231 — Department of State — Legal Affairs is attorney for Department of State regarding investigative agencies. Section 570.10 — Agriculture and Consumer Services — Department of Agriculture has assistant attorneys general assigned to it and may retain part-time counsel for Division of Plant Industry. Section 943.03(7) — Department of Criminal Law Enforcement (created by s. 3, Ch. 74-386, Laws of Florida). Section 944.52 — Division of Corrections. Section947.11 — Parole and Probation Commission. Section 959.06(1) — Division of Youth Services. AS TO QUESTION 2: The following boards, departments, and agencies are given statutory authority to call upon the Department of Legal Affairs, and the department may therefore represent and render legal services to the following: Section 350.31 — Public Service Commission — Legal Affairs shall join in suit when requested by the Public Service Commission. Section 350.66 — Public Service Commission — Legal Affairs shall assist whenever asked. Section 365.06(1) — Public Service Commission — Legal Affairs assists in investigating private wire services when requested by the Public Service Commission. Section 370.021(6) — Department of Natural Resources — Legal Affairs shall tend to legal business and, if busy, the state attorney shall assist the Department of Natural Resources, and, if busy, the Department of Natural Resources may employ counsel with the advice and consent of Legal Affairs. Section 377.34 — Division of Interior Resources, Department of Natural Resources — Legal Affairs or the division through its own counsel can bring action. Section 394.457(7) — Division of Mental Health — Legal Affairs may represent the division to recover fees for care and maintenance. Section 396.141(1) — Division of Mental Health — Legal Affairs or state attorney brings action to recover fees for alcoholic treatment. Section 402.17(6) — Department of Health and Rehabilitative Services — Legal Affairs shall represent in claims for care and maintenance to the maximum extent possible, otherwise private counsel may be retained. Section 526.10 — Agriculture and Consumer Services — Legal Affairs assists in enforcing the liquid fuels law on request of Department of Agriculture. Section 575.08 — Agriculture and Consumer Services — Legal Affairs represents Department of Agriculture when called upon concerning certification seed law. Section 586.09 — Agriculture and Consumer Services — Legal Affairs represents Department of Agriculture when called upon concerning honey certification law. AS TO QUESTION 3: The following boards, departments, and agencies are given specific statutory authority to employ attorneys and may therefore retain their own legal staff or private counsel:
Section 20.06(2) — Examining and licensing boards may provide for own legal services. Section 240.042(1) — Board of Regents. Section 266.06(9) — Historic St. Augustine Preservation, Board of Trustees. Section 266.106(8) — Historic Pensacola Preservation, Board of Trustees. Section 266.115(8) — Historic Tallahassee Preservation, Board of Trustees. Section 266.206(8) — Historic Key West Preservation, Board of Trustees. Section 334.18 — Department of Transportation. Section 340.06(17) — Department of Transportation. Section 348.218(4) — Brevard County Expressway Authority. Section 348.52(4) — Tampa, Hillsborough County Expressway Authority. Section 348.753(4)(a) — Orlando, Orange County Expressway Authority. Section 350.30 — Public Service Commission. Section 350.62 — Public Service Commission. Section 350.66 — Public Service Commission. Section 366.05(1) — Public Service Commission. Section 367.121(1)(e) — Public Service Commission. Section 373.079(5) — Management Districts. Section 374.041 — Canal Authorities. Section 374.321 — Navigation Districts. Section 374.78(5) — Waterways Development Projects. Section 388.161(2) — Mosquito Control Districts. Section440.44(4)(a) — Division of Labor. Section 443.12(3) — Division of Employment Security. Section 461.18 — Board of Podiatry. Section 463.05 — State Board of Optometry. Section 465.041(7) — State Board of Pharmacy. Section 467.14(5) — State Board of Architecture. Section 470.15 — Funeral Directors and Embalmers. Section 475.09 — Florida Real Estate Commission. Section 480.15(2) — State Board of Masseurs and Masseuses. Section 481.031(5) — Architects. Section 490.15(4) — State Board of Psychology. Section 559.76 — Department of Business Regulation. Section 601.10(3) — Department of Citrus. Section 601.29(7) — Department of Agriculture and Consumer Services. Section 624.304 — Department of Insurance. Section 648.26(1) — Department of Insurance. In addition, all departments of state government of which the cabinet sits as head may retain private counsel as authorized by s. 20.11(3), F.S. AS TO QUESTION 4: I am unaware of any statutory provision which specifically prohibits the Department of Legal Affairs from representing any state board, department, or agency. The general authority of the Department of Legal Affairs found in s. 20.11(3), F.S., and as supplemented by specific statutory provisions cited in questions 1 and 2, exists in every instance unless superseded by the provisions cited in question 3 whereby a particular board, department, or agency may retain staff attorneys or private counsel. In addition to the statutory provisions cited above, it appears that the Florida Legislature has impliedly charged the Department of Legal Affairs with the responsibility of providing such legal services as may be necessary to adequately represent the State of Florida in any claims which may result from the waiver of sovereign immunity provided by enactment of the Florida Tort Claims Act, Chs. 73-313 and 74-235, Laws of Florida. In the absence of said laws otherwise providing a source of legal representation, the provisions of s.20.11(3), F.S., apply, providing that the legal services which may be required by any agency or political subdivision of the state as a party to any such claim be provided by the Department of Legal Affairs. I trust that this information will be of assistance to you as you prepare your recommendations to the Senate Governmental Operations Committee. The information set forth hereinabove was gathered by an examination of each chapter of the Florida Statutes, since no comprehensive analysis of the statutes on this subject appears to be available.